**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------------x
U.S. SPECIALTY INSURANCE COMPANY
a/s/o Quirch Foods Co. and Chauvet & Sons, LLC,                              19 Civ.

         Plaintiff(s),
 -against-                                                              **VERIFIED**
                    **COMPLAINT**
M.V. MAERSK SHANGHAI, her engines, boilers, etc., and
MAERSK LINE A/S,

         Defendant(s).
------------------------------------------------------------------------------x

    Plaintiff, U.S. SPECIALTY INSURANCE COMPANY a/s/o Quirch Foods Co. and Chauvet & Sons, LLC, by its attorneys, Nicoletti Hornig & Sweeney, alleges upon information and belief, as follows:

    **FIRST**: All and singular the following premises are true and constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

    **SECOND**: At and during all the times hereinafter mentioned, Plaintiff had and now has the legal status and principal offices and places of business stated in Schedules A and B, hereto annexed, and by this reference made a part hereof.

    **THIRD**: At and during all the times hereinafter mentioned, Defendants had and now have the legal status and offices and places of business stated in Schedules A and B, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the M.V. MAERSK SHANGHAI as common carriers of merchandise by water for hire.

**FOURTH**: At and during all the times hereinafter mentioned, the M.V. MAERSK SHANGHAI was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

**FIFTH**: On or about the dates and the port of shipment stated in Schedules A and B, there was shipped by the shippers and delivered to Defendants and the said vessel, as common carriers, the shipments described in Schedules A and B then being in good order and condition, and Defendants and the said vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of destination stated in Schedules A and B, and deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in Schedules A and B.

**SIXTH**: Thereafter, the said vessel arrived at the port of destination and thereafter Defendants made delivery of the shipments, but not in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matters and things stated in Schedules A and B, all in violation of Defendants' and the said vessels' obligations and duties as common carriers of merchandise by water for hire.

**SEVENTH**: Plaintiff is the duly subrogated insurers of the consignees, shippers and/or owners of the shipments described in Schedules A and B and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

**EIGHTH**: By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid by the Defendants although duly demanded, in the sum of at least $182,202.03.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A and B, be attached in the sum of $3,900,000.00, interest thereon and costs, the sum sued for in this Complaint;

3. That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action;

4. That process is due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against the M.V. MAERSK SHANGHAI, her engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefor; and

5. That this Court will grant to Plaintiffs such other and further relief as may be just and proper.

Dated: New York, New York
January 24, 2019

                                          NICOLETTI HORNIG & SWEENEY
                                          *Attorneys for Plaintiffs*

                                            */s/ Val Wamser*
By: _____
                                          Val Wamser, Esq.
                                          Wall Street Plaza
                                          88 Pine Street, 7th Floor
                                          New York, New York 10005-1801
                                          Tel. No: (212) 220-3830
                                          Fax No.: (212) 220-3784
                                          E-mail: vwamser@nicolettihornig.com

## SCHEDULE A

**Plaintiff's Legal Status and**
**Office and Place of Business:**

      Plaintiff, U.S. SPECIALTY INSURANCE COMPANY, was and now is a corporation organized and existing under and by virtue of the laws of the state of Texas, with its principal place of business located at 13403 Northwest Freeway, Houston, Texas 77040.

**Defendant's Legal Status and**
**Office and Place of Business:**

      Defendant, MAERSK LINE A/S, was and now is a corporation or other business entity organized and existing under and by virtue of the laws of Denmark, with an office and place of business located at 50 Esplanaden, DK-1098, Copenhagen, Denmark, and a local office located at 180 Park Avenue, Building 105, Florham Park, New Jersey 07932.

| | |
|---|---|
| Date of Shipment: | January 2018 |
| Port of Shipment: | Zhanjing, China |
| Port of Discharge: | Miami, Florida |
| Bills of Lading: | MAEU963510644 |
| Vessel: | M.V. MAERSK SHANGHAI |
| Carrier: | MAERSK LINE A/S |
| Consignee: | Quirch Foods Co. |
| Shipment: | Frozen Tilapia Filets |
| Container: | MWCU681840 |
| Nature of damage: | Physical Damage by wetting and fire; containers overboard, destroyed by health authorities |
| Amount of loss: | $78,650.00 |
| NH&S Ref: | 116-04 |

## **SCHEDULE B**

**Plaintiff's Legal Status and**
**Office and Place of Business:**

      Plaintiff, U.S. SPECIALTY INSURANCE COMPANY, was and now is a corporation organized and existing under and by virtue of the laws of one of the states of the United States, with its principal place of business located at 13403 Northwest Freeway, Houston, Texas 77040.

**Defendants' Legal Status and**
**Office and Place of Business:**

      Defendant, MAERSK LINE A/S, was and now is a corporation or other business entity organized and existing under and by virtue of the laws of Denmark, with an office and place of business located at 50 Esplanaden, DK-1098, Copenhagen, Denmark, and a local office located at 180 Park Avenue, Building 105, Florham Park, New Jersey 07932.

| | |
|---|---|
| Date of Shipment: | January 2018 |
| Port of Shipment: | Huangpu, Shanghai, China |
| Port of Discharge: | Miami, Florida |
| Bills of Lading: | MAEU963603461 |
| Vessel: | M.V. MAERSK SHANGHAI |
| Carriers: | MAERSK LINE A/S |
| Consignee: | Chauvet & Sons, LLC |
| Shipment: | Lighting Equipment |
| Container: | MSKU1515032 |
| Nature of damage: | Container overboard |
| Amount of loss: | $103,552.03 |
| NH&S Ref: | 116-05 |

## **VERIFICATION**

STATE OF NEW YORK    )
                                   : SS
COUNTY OF NEW YORK  )

VAL WAMSER, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and a member of the firm of NICOLETTI HORNIG & SWEENEY attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true; that the reason this verification is made by your deponent instead of Plaintiff is because Plaintiff is not within the County of New York where your deponent's office is located..

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Verified Complaint in the possession of deponent.

_____
VAL WAMSER

Sworn to before me this 24th day of
January, 2019

_____
Notary Public

MICHELLE MANISCALCO
Notary Public, State of New York
No. 01MA6088438
Qualified in Kings County
Certificate Filed in New York County
Commission Expires March 3, 20__19

C:\Users\vwamser\Desktop\116-04\116-04.Verified Complaint w Schedule A.FINAL.doc